UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:24-cv-22985-BLOOM/Elfenbein

TINA CHALMERS, individually and as the
Executor de son tort of the Estate of RICHARD
CHALMERS, deceased,

      Plaintiff,

v.

CARNIVAL CORPORATION
d/b/a CARNIVAL CRUISE LINES,

      Defendant

                                /

**DEFENDANT CARNIVAL CORPORATION'S ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S COMPLAINT DATED AUGUST 6, 2024 [DE 3]**

Defendant, CARNIVAL CORPORATION, by and through its undersigned counsel, hereby provides this Answer and Affirmative Defenses to Plaintiff's Complaint dated August 6, 2024 and states as follows:*

1.      Defendant is without sufficient knowledge or information needed in order to admit or deny the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2.      Admitted for jurisdictional purposes only.

3.      Denied.

4.      Denied.

5.      It is admitted that this forum is correct pursuant to the terms and conditions of the Passenger Ticket Contract and that the Death on the High Seas Act applies to this matter.

6.      It is admitted that the venue is proper.

7.      It is admitted that Richard Chalmers and Tina Chalmers were passengers aboard the Carnival Elation on August 3, 2023.

8.      Defendant is without sufficient knowledge or information needed in order to admit or deny the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.      Defendant is without sufficient knowledge or information needed in order to admit or deny the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10.     Defendant is without sufficient knowledge or information needed in order to admit or deny the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.     Defendant is without sufficient knowledge or information needed in order to admit or deny the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12.     Defendant is without sufficient knowledge or information needed in order to admit or deny the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13.     Defendant is without sufficient knowledge or information needed in order to admit or deny the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14.     Defendant is without sufficient knowledge or information needed in order to admit or deny the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.     Defendant is without sufficient knowledge or information needed in order to admit or deny the allegations contained in Paragraph 15 of Plaintiff's Complaint.

### COUNT I: NEGLIGENCE RESULTING IN WRONGFUL DEATH

16.     Defendant reasserts its responses to Paragraphs 1 through 15 as though fully set forth herein.

17.     Defendant cannot admit or deny the allegations contained in Paragraph 17 as written as they are vague and ambiguous as to the intended meaning of "all times material."

18.     It is admitted that Defendant has a duty to act reasonably under the circumstances.

19.     Denied, including all subparts.

20.     Denied.

21.     It is admitted that the Death on the High Seas Act is the exclusive remedy for any and all damages in this matter.  Defendant denies Plaintiff is entitled to any damages.

\* Any allegations not specifically admitted to herein are hereby denied.

## AFFIRMATIVE DEFENSES

A.     Carnival Corporation's Ticket Contract imposed binding conditions and limitations on Plaintiff.  Those conditions and limitations negate his theory of the case, as they include the following:

1.     DEFINITIONS AND SCOPE OF CONTRACT

(e)     This ticket is valid only for the person(s) named hereon as Guests and cannot be transferred or modified without Carnival's written consent.  The acceptance or use of this ticket by the person(s) named hereon as Guests shall be deemed acceptance and agreement by each of them to all the terms and conditions of the cruise Contract.

(g)     Except as otherwise expressly provided herein, the contract constitutes the entire agreement between Carnival and Guest and supersedes all other agreements, written or oral.  Any alteration to any term of this contract must be in writing and authorized by Carnival.

2.     NATURE OF CRUISE, TRAVEL DOCUMENTATION AND GUEST'S OBLIGATIONS

(a)     …. While at sea or in port the availability of medical care may be limited or delayed. Guest acknowledges that all or part of their voyage may be in areas where medical care and evacuation may not be available.

Paragraph 2(a) entails an acknowledgement by the Guest that during the cruise the availability of medical care may be limited or delayed – and a specific acknowledgement that "all or part of their voyage may be in areas where medical care and evacuation may not be available."  Plaintiff

acknowledged that "the contract constitutes the entire agreement between Carnival and Guest and supersedes all other agreements, written or oral."

B.      The Ticket Contract also contains a warranty by the Guest as to the state of his health:

5.      FITNESS TO TRAVEL, SPECIAL NEEDS, PREGNANCY, INFANTS AND DISEMBARKATION

(a)      The Guest warrants that he and those traveling with him are physically and emotionally fit to travel at the time of embarkation, and further warrants that such Guests have no medical or emotional condition that would endanger any Guest or crewmembers or result in a deviation of the voyage.

Plaintiff's affirmation, that he was physically fit to travel and had no medical conditions which could result in a deviation of the voyage, was false.  He was not physically fit for this vacation and it was reasonably foreseeable to him that he could have a major medical episode that could affect the crew or the route.

C.      Plaintiff's own lack of care caused the damages complained of in that he knew he was at risk for a major medical episode and he did not act in a reasonable or prudent fashion in going on the cruise.  Any fault attributable to him must be applied to negate or reduce his claimed damages.

D.      Defendant fully discharged its duty to act reasonably under the circumstances in that it adhered to the guidelines for onboard medical facilities recommended by the American College of Emergency Physicians.  Furthermore, Plaintiff was provided access to a licensed physician aboard the vessel who rendered reasonable and appropriate medical care.

E.      Plaintiff's damages were caused or exacerbated as a result of intervening and superseding factors that are independent of any fault of Defendant and which were not reasonably foreseeable to it.

F.      Plaintiff did not exercise ordinary care, caution, or prudence for his own welfare to avoid the happening of the alleged incident, injuries or damages, if any, the existence of which Defendant expressly denies, and by this failure to do so, the Plaintiff thereby directly and proximately contributed to the happening of said alleged injuries, losses and damages, if any, the existence of which the Defendant expressly denies.

G.      Plaintiff has a duty to mitigate the losses or damages claimed against Defendant by taking advantage of any reasonable opportunity that might exist under the circumstances to reduce or minimize the loss or damage, and failed to do so.

H.      Plaintiff's claims are governed by maritime law and any recovery is limited to same.

I.      This Defendant is entitled to a set-off for all sums paid or payable by collateral sources.

J.      Plaintiff was himself negligent and therefore Plaintiff is either barred from recovery or the damages in this case must be apportioned and reduced in proportion to the share of negligence attributable to the Plaintiff.

K.      Plaintiff failed to seek timely medical treatment for his condition which caused and/or exacerbated his damages and/or failed to follow up, participate in, or attend subsequent medical care and treatment which has delayed/negatively affected his recovery.

L.      This action is barred in whole or in part by the applicable statute of limitations.

M.      Defendant has not specifically or intentionally waived any affirmative defenses and specifically reserves the right to allege additional affirmative defenses as they may present themselves in response to information that becomes available through discovery in the future.

N.      The subject physician(s) was/were operating as an independent contractor(s) at all times material hereto.    Pursuant to an agreement with Carnival corporation, the subject ship doctor(s) was/were A) paid as an independent contractor and not as an employee; B) no deductions were taken from his/her pay and he/she was not eligible for employee benefits; C) he/she agreed to practice according to the appropriate standard of care, within the scope of his/her medical expertise based upon his/her knowledge, training and experience as a licensed physician; and D) he/she exercised medical judgment in the care and treatment of passengers and crew.  With respect to the care rendered to Plaintiff, the ship's nurses were at all times acting under the control of the subject ship physician(s) and were thus his/her borrowed servants.

O.      The Death on the High Seas Act is the exclusive remedy for Plaintiff's damages, if any, in this case.

P.      Plaintiff has failed to state a valid claim upon which relief may be granted.

Respectfully Submitted,

GrayRobinson, P.A.
515 North Flagler Drive, Suite 650
West Palm Beach, Florida 33401
Telephone: (561) 268-5727
Facsimile: (561) 268-5745

By: */s/ Michael J. Drahos* _____
   Michael J. Drahos
   Florida Bar No. 0617059
   W. Cooper Jarnagin
   Florida Bar No. 117767
   Ashley Genoese
   Florida Bar No. 1019357
   michael.drahos@gray-robinson.com
   cooper.jarnagin@gray-robinson.com
   ashley.genoese@gray-robinson.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 4, 2024, the foregoing document was electronically filed with the Clerk of the /court using CM/ECF to the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/Michael J. Drahos*
Michael J. Drahos

## SERVICE LIST

Amira A. Cheikh-Khalil, Esq.
Jack Tobias Cook, Esq.
Kevin Butler, Esq.
Morgan & Morgan
20 N Orange Ave
Suite 1600
ORLANDO, FL 32801
Tel: 407-241-3826
kevin@kbutlerlaw.com
jcook@forthepeople.com
amira@forthepeople.com
aheintz@forthepeople.com
eadames@forthepeople.com